**Order filed December 30, 2016**



## In The

# Eleventh Court of Appeals

_____

## No. 11-16-00177-CV

_____

**KERWIN STEPHENS; THUNDERBIRD OIL & GAS, LLC; THUNDERBIRD RESOURCES, LLC; THUNDERBIRD LAND SERVICES, LLC; STEPHENS & MYERS, LLP; AND CHESTER CARROLL, Appellants**

## V.

**THREE FINGER BLACK SHALE PARTNERSHIP; TREK RESOURCES, INC.; TIBURON LAND & CATTLE, L.P.; L.W. HUNT RESOURCES, LLC; AND RICHARD RAUGHTON, Appellees**

————and————

**L.W. HUNT RESOURCES, LLC AND RICHARD RAUGHTON, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST OF ARAPAHO ENERGY, LLC, Cross-Appellants**

## V.

**KERWIN STEPHENS; THUNDERBIRD OIL & GAS, LLC; THUNDERBIRD RESOURCES, LLC; THUNDERBIRD LAND**

## SERVICES, LLC; STEPHENS & MYERS, LLP; AND CHESTER CARROLL, Cross-Appellees

**On Appeal from the 32nd District Court**
**Fisher County, Texas**
**Trial Court Cause No. DC-2013-0016**

### O R D E R

Appellants Kerwin Stephens and Thunderbird Resources, LLC have filed in this court an emergency motion for temporary stay pending a ruling on a second motion that they intend to file in this court pursuant to Rule 24.4 of the Texas Rules of Appellate Procedure. The movants indicate in their motion that the underlying judgment from which they have appealed is an adverse judgment of more than $35 million. Movants indicate that they have continued in their attempts to suspend the enforcement of the judgment.

This court previously denied movants first motion for review under Rule 24.4 on October 27, 2016. Movants assert that they have now received commitments for the issuance of letters of credit and a supersedeas bond conditioned on the lifting of the abstracts of judgment that have been filed by the plaintiffs and intervenors in the case below and on the removal of liens created by the intervenors' levies on certain property located in Young, Stephens, and Johnson Counties. According to their emergency motion, the trial court denied their motion to subordinate the abstracts yesterday—December 29, 2016—and took no action to remove the liens on movants' property. Movants also claim that the plaintiffs informed the trial court that they were willing to subordinate their abstracts to the security interest supporting the letters of credit; however, the intervenors have posted movants' property for foreclosure sales, which are scheduled for January 3, 2017, and February 2017.

According to the motion, movants will file a second Rule 24.4 motion in this court as soon as the December 29 record with respect to the trial court's most recent supersedeas ruling is prepared. In order to afford movants time to obtain a record with respect to the supersedeas ruling and file a Rule 24.4 motion in this court and also to permit this court sufficient time to review the merits of the Rule 24.4 motion once it is filed, we issue a temporary stay, effective immediately. *See* TEX. R. APP. P. 24.4(c).

Movants' request for a temporary stay is granted, and the enforcement or execution of the underlying judgment against movants—Kerwin Stephens and Thunderbird Resources, LLC—is stayed pending further order of this court. As suggested in their motion and provided for in TEX. R. APP. P. 24.2(d), movants are hereby enjoined "from dissipating or transferring assets to avoid satisfaction of the judgment."

PER CURIAM

December 30, 2016

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.